PEOPLE OF THE STATE OF ILLINOIS EX REL.

v.

ELLIOTT ANTHONY, A JUDGE OF THE SUPERIOR COURT.

*Mandamus—Bill of Exceptions—Amendment—Refusal of Trial Judge to Sign—Petition.*

1. The question whether a certain exception was taken at a trial is one to be determined by the trial Judge, and by him only.

2. *Mandamus* lies to compel a trial Judge to sign a bill of exceptions but not to direct what statements or exceptions such bill shall contain.

[Opinion filed March 28, 1888.]

PETITION for *mandamus.*

Mr. F. P. SIMONS, for petitioner.

Mr. E. A. SHERBURNE, for respondent.

MORAN, P. J.  This is a petition in *mandamus* to compel the respondent to sign an amended bill of exceptions in a case which is now pending on appeal in this court.

The case in which it is sought to have the amended bill filed, and which is entitled McCormick v. Hubbard, was tried in the Superior Court, at the May term thereof, and at that term a bill of exceptions was signed by the respondent and filed in the case.  Relator now asserts that certain exceptions to the finding of the court and to the judgment were taken at the trial, but that by inadvertence in making up the original bill of exceptions, such exceptions did not appear in it.  A motion was made upon notice to the opposite party in said case to file an amended bill of exceptions, and said motion was supported by affidavits made by the two attorneys who tried the case for relator before respondent, in which affidavits said attorneys swear that said exceptions to the finding and judgment were taken at the trial.

Respondent attaches to his answer in this case, as part of his return, the affidavit of the attorney for McCormick, who swears that no such exceptions were taken at the trial. If we were authorized to determine this case upon the weight of evidence on that issue, we might conclude that the preponderance was clearly with the relator, but we have in this proceeding nothing to do with the determination of such an issue. In our practice it is well settled that the question whether a certain exception was taken, is a question to be determined and certified by the trial Judge, and by him only. A *mandamus* may go to compel the Judge to sign a bill of exceptions, but not to direct what statements or exceptions such bill shall contain.

The answer which the respondent has filed in this case states that the case of McCormick v. Hubbard was tried before him without a jury, and that he signed the bill of exceptions which was presented to him by relator's counsel within the time fixed for filing the same.

Respondent says: "I kept no memorandum of exceptions, if any were taken at the trial; there was no dispute or anything to fix in my mind whether the alleged exceptions stated in the petition and affidavits attached, were or were not saved, and I am not able now to state what is the fact in that regard." Respondent further states, in substance, that he does not feel that he can properly certify to the amended bill of exceptions, there being nothing for him to amend by, and nothing to rely on but conflicting and inconsistent affidavits.

The return brings this case, in our opinion, within the doctrine laid down by our Supreme Court, in The People v. Jameson, 40 Ill. 93, and The People v. Pearson, 2 Scam. 206.

In the case first cited the Supreme Court said: "We can not look into the affidavits which have been presented touching the fact in dispute, as it is the exclusive province of the Judge to determine the correctness of a bill of exceptions which he is requested to sign." And in The People v. Pearson, it was said: "The law makes him, and properly so, the judge of the propriety and accuracy of the act he is called on

to solemnly verify the truth of, so that it shall become a part of the record in the cause; it is not for other parties to determine its truth.

Under the authorities cited above, the *mandamus* must in this case be denied.

*Mandamus denied.*