## SIEVERT T. GUNDERSON ET AL.
### v.
## CHARLES A. SIRBORN.

*Practice—Special Calendar—Trial out of Order—Bill of Exceptions—Expansion of by Uncertified Affidavit—Rehearing.*

1.   Upon the allegation that the trial court erred in trying the case presented out of its order in violation of the statute, it being sought by affidavit, the truth of the facts therein not being certified to by the trial judge, to enlarge the exceptions actually taken, this court declines to interfere with verdict for the plaintiff.

2.   The question as to whether a certain exception was taken is to be determined and certified to by the trial judge alone.

[Opinion filed April 3, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. HENRY W. MAGEE, for appellants.

Messrs. SCHUYLER & KREMER, for appellee.

Gunderson v. Sirborn.

GARNETT, P. J.  This action of assumpsit by appellee against appellants was tried before a judge and jury in the court below and a judgment rendered June 16, 1888, for $419.75 in favor of appellee.

To secure a reversal of the judgment appellants insist that it was tried out of its order in violation of the statute regulating the practice in that respect.  The bill of exceptions states that on the calling of the case for trial the defendants asked the court to dispose of their objections to the trial theretofore filed, but the court overruled the objections and ordered the case to proceed, to which the defendants excepted. What the objections were is not shown, except by an affidavit used on the motion for a new trial.  Attached to this affidavit is a paper which the affidavit designates as "Exhibit D," and that exhibit purports to be a notice by defendants' attorneys that the defendants object to the placing of the cause on any special calendar of the cases, because the same is irregular and illegal.  The affidavit states that when defendant's attorney was notified that the special calendar of cases was to be made he filed said notice in the cause.  It will be noted that the effort is to expand the bill of exceptions by means of the affidavit so as to enlarge the exception which was actually taken.

The judge who tried the cause simply certifies that the defendants excepted to his overruling the objections to trial filed by them.  He does not certify what the objections were. He states that on the motion for a new trial the affidavit referred to was read, but he does not state that the facts therein alleged are true.  A bill of exceptions can not be thus made up.  If the facts stated in the affidavit were true, the judge could have been requested to certify them, and no doubt he would have done so.  "In our practice it is well settled that the question whether a certain exception was taken, is a question to be determined and certified by the trial judge, and by him only."  People v. Anthony, 25 Ill. App. 532.  Appellants insist that there was no evidence to sustain the verdict. We have examined carefully and find there was some evidence tending to that effect, and while we might have been better

satisfied with a verdict for the defendants, the law does not permit us to substitute our judgment on the facts for that of the jury.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*

GARY, J., took no part in this case.