C. L. PEYTON *et al.*

*v.*

THE VILLAGE OF MORGAN PARK.

*Opinion filed February 14, 1898—Rehearing denied April 7, 1898.*

1. SPECIAL ASSESSMENTS—*when ordinance will not be held void for unreasonableness.* A street paving ordinance will not be held void for unreasonableness, although it appears that there were but few houses along the streets, that the land was mostly open prairie and that no property owner kept a horse or vehicle, where it also appears that during a considerable portion of the year the streets were impassable.

2. SAME—*commissioners' report is prima facie evidence.* A report of special assessment commissioners, regular on its face, is *prima facie* evidence that the property is not assessed more than it is benefited nor more than its proportionate share, and in the absence of evidence to the contrary such report will justify a verdict sustaining the assessment.

3. TRIAL—*judge should supervise and control proceedings at trial.* It is the province and duty of the judge to supervise and control the proceedings at the trial and to enforce obedience, and counsel feeling themselves aggrieved by his rulings may take exception and have his action reviewed.

4. Bills of exception—*what occurs in presence of judge must be shown by bill of exceptions.* What is done by the judge at trial or what occurs in his presence is within his knowledge, and must be recited in the bill of exceptions over his signature, and cannot be shown by *ex parte* affidavits.

Appeal from the County Court of Cook county; the Hon. W. T. Hodson, Judge, presiding.

Wickett & Bruce, and Enoch J. Price, for appellants.

George W. Northrup, Jr., (Newman, Northrup & Levinson, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

This is an appeal from a judgment confirming a special assessment for curbing with concrete and paving with brick certain streets in the village of Morgan Park. At the hearing, appellants, who constituted a large proportion of the property owners assessed, appeared and filed objections to the confirmation of the assessment, and being defeated have brought the case to this court.

Preliminary to calling a jury the court heard and overruled objections to the legality of the assessment, made on the ground that the ordinance was unreasonable and oppressive in view of the character of the streets, the improvements along them and the uses to which they were put, and that it was therefore void. It seems from the evidence on that subject that the improvement was a rather expensive one for streets upon which there were very few residences, where not a property owner kept a horse or vehicle and the land was mostly open prairie; but there was also evidence that during a considerable portion of the year these streets were almost impassable, and while the motive for the ordinance may, as claimed, have been as much an ambition to be making improvements and assessing somebody for them, as any necessity

or demand for them, yet they were not wholly useless, and we are not prepared to say that the ordinance is void for unreasonableness or that the court erred in overruling the objections on that ground.

A large part of the argument is devoted to complaints that the judge made remarks prejudicial to the objectors during the course of the trial, and permitted counsel for the petitioner to make improper remarks in argument to the jury. There being a great many objectors, including a large part of the village, it became apparent at once in the proceedings that a great deal of local feeling had been aroused in the community on the subject of the improvement. On the preliminary question before the court it was claimed by objectors that the improvement was oppressive and offensive to the people, and, on the other hand, counsel for petitioner examined witnesses as to the action of the Baptist Church, and whether the opposition was worked up by a committee from the church. In this way the feelings of the citizens of the community were gone into by both parties without objection from either. The jury being impaneled, counsel for petitioner, in his opening address, went into the same subject. An objection was then made, not because the subject was improper, but on the ground that the speech was an argument rather than an opening statement. In the opening statements for objectors attacks were made upon the village board as misrepresenting the people, and attempting to levy an assessment for an improvement unsuited to the streets, not desired by the citizens and which they had petitioned the board not to make, and the jury were urged to find that the property was not benefited, so as to give the people a chance to get whatever improvement they might desire. When counsel for objectors was making this statement the judge interposed to confine the statement to the issue, but the counsel contended that it was proper and fair. The same thing was continued during the trial, and the remarks of the judge complained

of consisted of attempts to exclude, of his own motion, irrelevant matter and to confine the trial to the issue before the jury. Counsel on both sides seem to have displayed a desire to try the controversies of the village, and it is apparent that under such circumstances the judge encountered great difficulties in his attempts to regulate the proceedings. His efforts were applied to the counsel on both sides, and perhaps without much success; but we see no error in any ruling, and it is only to be regretted that the rulings were not more rigidly enforced. It is the province and duty of the judge to supervise and control the proceedings at the trial and to enforce obedience. It was not the right of counsel for objectors to lecture him on his conduct or rulings, but if they thought a ruling wrong or a remark objectionable they could take exception and have the action reviewed. So far as the remarks of the judge are concerned, and his efforts to confine the trial to the issue rather than to have it tried or decided on the plan of a popular assembly, or "town meeting," as he stated it, we think them entirely proper. So far as remarks to the jury are concerned, both parties offended against the rules by going into the outside matters before referred to. Both were admonished by the judge and neither gave much heed to the admonition. Under such circumstances we think there is no just cause of complaint on the part of appellants.

It is claimed that the court erred in refusing to admit in evidence a paper signed by the witness Miller, authorizing objections to be filed in his name, and to allow the witness Frazier to be cross-examined whether he had made an agreement with the board of trustees not to object to the assessment if they would move an electric light. These matters belong in the same category as the efforts to show who were in favor of and who against the assessment, and were properly excluded. Miller testified, on direct examination, that he never authorized any one to file objections for him. On cross-examination he was

shown the paper and acknowledged that his signature to it was genuine. The question whether he had authorized objections to be filed in his name or not was immaterial to the issue on trial before the jury. It was not a question on which they were called to pass; but if admissible at all, it would only be as impeaching evidence, and objectors were not entitled to offer affirmative evidence at the time they attempted to introduce the paper. Having laid the foundation for such evidence by the question to the witness on cross-examination, the proper time to offer the paper as impeaching evidence would be when it came their turn to offer evidence. · 1 Greenleaf on Evidence, sec. 463; 2 Phillips on Evidence, 963.

The witness Sherwood testified, on cross-examination, that he had an inquiry from some one for a fifty-foot lot on one of the streets, and the court would not compel him to disclose the name of the individual who made the inquiry. No particular lot was referred to, and it appears to have been a mere casual inquiry for property. Who the person was was immaterial.

The court did not err in allowing witnesses to testify to benefits who were not qualified to give an opinion. They all showed sufficient knowledge to express opinions, and their weight was for the jury.

It is complained that the court gave an instruction that the commissioners' report was *prima facie* evidence that the property objected for had not been assessed more than it would be benefited and not more or less than its proportionate share of the improvement. The instruction was correct. While the burden of proof was on the village, a *prima facie* case was made by the introduction of the documentary evidence in pursuance of section 31 of article 9 of the City and Village act, and in the absence of any evidence to the contrary it would justify a verdict sustaining the assessment. (*Fagan* v. *City of Chicago,* 84 Ill. 227; *Chicago, Rock Island and Pacific Railroad Co.* v. *City of Chicago,* 139 id. 573.) Other instructions made

plain to the jury that all the evidence was to be considered on the issue, and there could have been no misunderstanding of the effect of this one.

Objection was also made to an instruction in which the form of the verdict was given, because it used the word "objector" instead of "objectors." But it could not have misled the jury in any way.

The evidence was conflicting, but the verdict seems to be well sustained by competent testimony, and we can not say that it was against the weight of the evidence.

The last ground of complaint relates to the action of the judge in an endeavor to ascertain whether the jury had agreed or was likely to agree. This action was attempted to be shown by affidavits filed on the motion for a new trial. Such matters cannot be shown in that way, but can only be made a part of the record by a proper recital in the bill of exceptions. What is done by the judge or what occurs in his presence is within his knowledge and must be recited over his certificate, and cannot be made a part of the record by *ex parte* affidavits. (*Mayes* v. *People*, 106 Ill. 306; *Scott* v. *People*, 141 id. 195.) It would be just as proper to show the rulings and holdings of the court in the course of a trial, and what instructions were given or refused, by affidavits, as to show in that way what was attempted here. It is said in *Mayes* v. *People*, *supra*, that such an affidavit cannot be made to override the bill of exceptions, and that a judge may disregard it because he knows it to be false. In this case the bill of exceptions recites that the court ordered the affidavits stricken from the files because all the material averments therein contained were false, to the personal knowledge of the judge. According to the bill of exceptions, which was the only record, there was no improper action on the part of the judge.

We find no error in the record, and the judgment is affirmed.                    *Judgment affirmed.*