## Staunton Coal Co. v. Clara Menk, Adm'x, etc.

1. PRACTICE—*Trial of Cases in Their Order on the Docket.*—All cases are to be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court for good and sufficient cause, shall otherwise order. (R. S., Chap. 110, Sec. 17.)

2. SAME—*Review of Matters Not Appearing in the Common Law Record.*—In order to have reviewed what is done by the trial judge, or what occurs in his presence and within his knowledge, such matters must be recited in a bill of exceptions over the certificate of the judge.

3. SAME—*Affidavits—How Preserved in the Record.*—In order that affidavits stating matters as transpiring at a trial in the presence of the judge, and used on the hearing of a motion for a new trial, may be considered on appeal, it is necessary for the trial judge to certify in a bill of exceptions that the statements set out in the affidavits are true.

4. SAME—*Where Different Judges Preside at the Same Case.*—In a proceeding in which different judges preside in the same case, if a party desires to have matters transpiring before different trial judges reviewed by the Appellate Court, such matters should be preserved by several bills of exception certified by the respective judges who heard the different matters in question.

5. PRESUMPTIONS—*Where a Cause is Tried Out of Its Order.*—The statute allows cases to be tried out of their order where sufficient cause exists, and where a cause has been so tried, it will be presumed, in the absence of anything in the record showing the contrary, that it was so tried by the direction of the court for sufficient cause.

6. APPELLATE COURT PRACTICE—*Discretion as to Trying Causes Out of Their Order, Not Reviewable, Unless, etc.*—The statute does not attempt to determine what shall constitute sufficient cause for trying a case out of its regular order on the docket, but leaves it to the sound discretion of the court in which the case is pending, and such discretion can not be reviewed on appeal unless a flagrant abuse of such discretion has worked manifest injury to the party.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

CHARLES W. THOMAS, attorney for appellant.

ZINK, JETT & KINDER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee brought this suit to the September term, 1900, of the Macoupin Circuit Court, to recover damages resulting from the death of her husband, who was killed through the alleged negligence of appellant while working in its coal mine.   There was a plea of not guilty filed on which issue was joined.   Court convened on the 17th of September and the cause was tried, in the absence of appellant's attorney, on the 10th of October, and a verdict returned against it, fixing the damages at $2,800.

On the 12th of November, appellant's attorney filed a motion to set aside the verdict upon the ground that the case was tried out of its order on the docket and without notice to appellant.   The court overruled the motion and rendered judgment against appellant for $2,800.

The sole question presented by this appeal is whether the Circuit Court should have set aside the verdict and granted a new trial because the case was tried out of its order for no sufficient cause and without notice to appellant.   The statute, which it is contended was violated, reads as follows :

"All causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court for good and sufficient cause, shall otherwise direct."   Ill. Rev. Stat., Ch. 110, Sec. 17.

Before this court would be justified in holding that the Circuit Court erred in overruling appellant's motion, it must appear from the record that the case was tried out of its order.   There is nothing in the record tending to show that alleged fact except the affidavit of John Homer, the clerk of the court.   It is not certified in the bill of exceptions that the case was so tried, nor is it certified that the statements contained in Homer's affidavit are true.

What is done by the trial judge, or what occurs in his

presence, is within his knowledge, and if a party desires to have it passed upon by a reviewing tribunal, it must be recited over the judge's certificate. It can not be made part of the record by *ex parte* affidavits, filed in support of a motion for a new trial. That such affidavits may be considered, it is necessary that the trial judge certify in the bill of exceptions that the statements set forth in the affidavits are true. Peyton v. The Village of Morgan Park, 172 Ill. 102; Gunderson v. Sirborn, 31 Ill. App. 612.

Counsel for appellant deny the application of the authorities above cited, because the record in each of these cases shows that the matter presented by affidavits was within the personal knowledge of the judge who signed the bill of exceptions, whereas in this case there were two judges, Shirley and Thompson, one of whom set the case for trial and the other tried it. We can not see why that fact should alter the rule. If matters occurred within the knowledge of Judge Shirley and not within the knowledge of Judge Thompson, which appellant desired this court to review, they should have been preserved in a bill of exceptions, signed by Judge Shirley. It not infrequently occurs in practice that matters occurring in the same case before different trial judges are preserved by several bills of exceptions, certified to by the respective judges who heard the different matters in question.

There being no statement in the bill of exceptions that this case was tried out of its order and no statement that the matters set out in the affidavit of Homer are true, it must be presumed that the case was tried in its regular order, or, if not, that the court acted from good and sufficient cause.

But if the affidavit of Homer is considered, it shows no violation of the statute. It merely shows the number of cases on the docket for the September term; that on the Saturday preceding its commencement, Judge Shirley set for trial on days of the first week certain cases on the law docket; that it had been the custom for several years for the court on Monday and Tuesday of each week to set for

trial for the coming week as many cases, respective of their kind or position on the docket, as would probably occupy the time of the court for that week, and that such settings were generally made in such manner as to accommodate counsel; that on Friday, September 28th, another setting, ending with October 12th, was made, in which this case was set for trial October 10th; that neither the attorneys for the plaintiff nor defendant were present, but that the case was set in pursuance of a request of plaintiff's attorneys; and that the cases which had been tried at that term were tried without reference to their place on the docket. This case was numbered 76 on the law docket, and it nowhere appears in this affidavit, or in any of the other affidavits, that when tried, all other cases standing on the docket before it had not been disposed of for the term.

Again, if the court did set and try cases out of the order in which they were placed on the docket, it nowhere appears that "good and sufficient cause" for so doing did not exist. The statute allows cases to be tried out of their order where sufficient cause exists; and where a case has been so tried, it will be presumed, in the absence of anything in the record showing the contrary, that it was by direction of the court for sufficient cause.    Smith v. Barlow, 67 Ill. 519; Anthony v. International Bank, 93 Ill. 225.

The statute does not attempt to determine what shall constitute sufficient cause, but leaves that to the sound discretion of the court in which the suit is pending.    Such discretion can not be reviewed on appeal unless a flagrant abuse thereof has worked manifest injustice to a party. Clark v. Marfield, 77 Ill. 258; Morrison v. Hedenberg, 138 Ill. 22; In re Estate Wincox, 186 Ill. 445.

Attorneys for appellee had the right to have the case set for trial, and there is nothing in the statute or in the rules of the Macoupin Circuit Court, so far as this record discloses, which required notice of such setting to be given to appellant, or its attorney.   In the absence of a rule of court requiring notice of a setting to be given, it is the duty of a litigant to watch his case on the docket or arrange with the

clerk of the court to be notified. In this case, it does not appear that appellant or its attorney, after filing the general issue on the 11th of September, paid any further attention to the case or made any inquiry concerning it until after the same was tried.

In our opinion, no error was committed in overruling the motion to set aside the verdict, and the judgment will be affirmed.