## Thomas Allen, etc., v. Michael Clarkson.

1. INSTRUCTIONS—*Stating a Proposition of Law Contrary to Provisions of the Undertaking upon Which Suit Was Brought.*—An instruction which states a proposition of law contrary to the express provisions of the undertaking upon which the suit is brought, is erroneous.

2. BILL OF EXCEPTIONS—*Must Contain All Happenings and Proceedings at the Trial.*—All happenings and proceedings. at the trial should be certified to by the judge in the bill of exceptions, and can not be brought before a court of review by incorporating them into affidavits.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding.    Heard in the Branch Appellate Court at the October term, 1902.    Reversed and remanded. Opinion filed July 17, 1903.

E. F. THOMPSON, attorney for appellant.

C. W. GREENFIELD, attorney for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Frank Johnson and Albert McCaleb, being indebted to the plaintiff, Thomas Allen, (doing business as Thomas Allen & Co.), in the sum of $447, gave their promissory note for that amount dated April 21, 1891, and payable four months thereafter.

This suit was brought upon an agreement signed by appellee and written on the back of said note, to wit :

"I hereby agree to pay the above note out of moneys belonging to Johnson and McCaleb as it comes into my hands."

The verdict of the jury was for the defendant, and judgment rendered thereon.

Plaintiff appealed, and assigned for error that the trial court gave for defendant this instruction :

"The jury are further instructed that the defendant, by his written agreement on the back of the note which has been offered in evidence, did not undertake or agree to pay the said note absolutely, and did not make himself liable for the same out of his own funds or property, but only

Allen v. Clarkson.

agreed to pay the same out of moneys belonging to Johnson & McCaleb, the makers of the note, as it might come into his hands; so, if you find from the evidence that no money or property belonging to said Johnson & McCaleb ever came into the hands of the defendant after the date of the said note, out of which the same might have been paid by him, and that at the date of maturity of said note the defendant, Clarkson, had no money in his hands belonging to said Johnson & McCaleb, out of which said note might be paid, then the defendant did not at any time become liable to pay the said note, and your verdict should be for the defendant."

By the writing sued on, Clarkson promised to pay the note out of moneys belonging to McCaleb and Johnson as it came into his hands, and hence, if money belonging to Johnson & McCaleb came into his hands after he signed said writing, his obligation to pay the same upon the note became fixed and absolute.

The instruction in question tells the jury that they should find for the defendant, if from the evidence they find that no money or property of Johnson and McCaleb came into the hands of defendant Clarkson after the date of said note " out of which the same might have been paid by him," and that " at the maturity of said note Clarkson had no money in his hands belonging to Johnson and McCaleb out of which said note might be paid."

By the instruction the burden was cast upon the plaintiff to show, not only that defendant Clarkson, after the signing of said writing, received money belonging to Johnson and McCaleb, but also that out of such money said note might have been paid by him, and this without stating what must be shown other than the receipt of money belonging to Johnson and McCaleb to show that money so received was money out of which Clarkson might have paid said note. In our opinion the court below erred in giving to the jury this instruction.

Some stress is laid upon the alleged improper conduct of defendant's attorney in making his closing address to the jury. This is sought to be shown by an affidavit filed in support of the motion for a new trial.

Matters of this kind, that is, all happenings and proceedings at the trial, should be certified to by the judge in a bill of exceptions, and can not be brought before a court of review by incorporating them into affidavits. Peyton v. Village of Morgan Park, 172 Ill. 102; Gunderson v. Sirborn, 31 Ill. App. 612; Staunton Coal Co. v. Menk, 99 Ill. App. 254.

It is insisted by appellee that if the court should hold the instruction in question to be improper the judgment should not be reversed, because there was no evidence upon which a verdict for plaintiff below could be sustained.

We have carefully read and considered the evidence and can not agree with this contention of appellee. The evidence on the part of the plaintiff, in our opinion at least, tended to show that McCaleb and Johnson had built in whole or in part one or more school-houses and had received a warrant therefor; that they employed S. L. Loewenthal to collect, and that he did collect said warrant, and that he paid some part of the money so collected to Clarkson after April 21, 1891.

The court below at the close of plaintiff's case denied the motion of defendant for a peremptory instruction to the jury to find the issues for the defendant. Clarkson was then called as a witness in his own behalf, and was asked, "Did you, after you signed that paper, receive in your hands any money belonging to Johnson and McCaleb out of which you could pay that note?" He answered that he did not, but he did not testify that he did not, after he signed the paper, receive money belonging to McCaleb and Johnson, and did testify that he received money from Loewenthal after April 21, 1891.

The evidence is not clear nor satisfactory as to the relations existing between McCaleb and Johnson or between McCaleb, Johnson and Clarkson, nor as to the ownership of the warrant which Loewenthal collected, nor as to the person by whom he was employed to collect such warrant, but we can not say that the evidence to support plaintiff's claim is so wholly wanting that the judgment against him should be affirmed on that ground alone.

Appellee also assigns as error the refusal of the trial court to admit evidence offered by him tending to show that the money received by appellee from Johnson and McCaleb after April 21, 1891, was received to apply on a debt due from Johnson and McCaleb to appellee.

In this, in our opinion, the trial court erred. Appellant sued appellee for money had and received by appellee for the use of appellant. The writing signed by appellee could not prevent him from receiving payment from Johnson and McCaleb of any money due from them to him, and appellee should have been permitted to show the facts and circumstances under which the money he received from Johnson and McCaleb was paid and received, to the end that the jury might determine under proper instructions whether the money so received, or any part thereof, was money belonging to Johnson and McCaleb, and so money received by appellee for the use of appellant.

Appellee further objects that if appellant was entitled in any event to recover, the declaration should have been special; but in our opinion this objection is without merit, and appellant, if he could recover at all, could recover on the count for money had and received.

For the error in the foregoing instruction the judgment will be reversed and the cause remanded for a new trial.