## W. E. Clark v. Carl A. Hemmingson.

### Gen. No. 4,776.

1. ARGUMENT OF COUNSEL—*how cannot be preserved for review.* Remarks made by counsel in his argument to the jury cannot be preserved for review by affidavit. They must be set forth in the bill of exceptions.

2. VERDICT—*when set aside.* Where the evidence apparently preponderates for the appellant and there is some error appearing in the record, together with an affidavit showing newly discovered evidence, the verdict will be set aside and a new trial awarded in the interests of justice.

Action in case for personal injuries. Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

BURTON F. PEEK, SEARLE & MARSHALL and CYRUS E. DIETZ, for appellant.

J. B. & J. L. OAKLEAF and J. T. & S. R. KENWORTHY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action on the case brought by appellee against appellant and the Clark Manufacturing Company to recover for injuries claimed to have been sustained by appellee in a runaway caused by appellant's negligent management of an automobile. The declaration in two counts charged in substance that appellant carelessly and negligently propelled an automobile so as to frighten appellee's horse, and that by reason thereof, the horse ran away and appellee was thrown from the wagon and injured. There was a plea of the general issue, a trial before a jury, resulting in a verdict for appellee for $1,000 against appellant; motion for a new trial overruled and judgment entered on the verdict, from which this appeal is prosecuted.

The evidence shows that Fourth avenue runs east and west through Moline, and crossing it are streets numbered consecutively from one to fourteen, First street being near the westerly line of the city. At the time of the accident appellee was driving in a delivery wagon from the west on the south side of the street car tracks on Fourth avenue. Appellant was running his automobile, which was a small runabout, west on the north side of Fourth avenue, having come from the factory which is situated at the southwest corner of Fourth avenue and Fourteenth street.

Appellee testified that when near Ninth street, he saw the automobile of appellant standing near the curb on the north side of Fourth avenue, between streets ten and eleven, facing the east; that the driver of the machine was on the ground examining the machine; that as appellee proceeded east and approached the machine, the man got in, and as appellee passed the point where the machine stood it was started, and the horse began to shy as the automobile came nearer; that the horse began to run and continued running until it got beyond the control of appellee as it proceeded down Fourth avenue with appellant's automobile following; when near Fourteenth street, the line broke and appellee was thrown out and injured.

Appellant testified that as he proceeded west, near the intersection of Twelfth street, he saw appellee coming down Fourth avenue on the opposite side about 250 feet west of appellant, and at that time his horse was running away; that appellee, when within fifty feet of appellant, called to appellant to stop his machine, and that appellant immediately did so; that when the horse passed him, he was standing still with his machine facing the west; that there was no noise from the machine except a slight noise from the chain; that he did not go farther west than Twelfth street on the day of the accident, and that after the horse passed him, he turned his machine about and went east to see how badly appellee was injured.

The two theories of the accident cannot both be correct. If appellant was east of Twelfth street, with his machine facing the west, when appellee passed, then appellee did not see him near Tenth street and was not followed by appellant's automobile. Appellant was corroborated by the testimony of Hugo Stange that on the day of the accident he was at his place of business at the corner of Eleventh street and Fourth avenue; that he first saw the horse running away at the intersection of Eleventh street and Fourth avenue; that he watched it until it got to Twelfth street; that he saw Clark's automobile between Thirteenth street and Twelfth street; that he watched the horse running until it got near Fourteenth street, when appellee was thrown out; that at the time he saw the horse running away Clark's automobile was coming west and was about seventy-five feet from the intersection of Fourth avenue and Twelfth street, coming toward the witness.

Appellant sought to show that the horse had run away on previous occasions, and that its reputation was that of a runaway horse; and he further sought to show that the horse had previously run away while appellee was driving. Perhaps some of the interrogatories by which this evidence was sought to be introduced were in questionable form, but on the whole appellant was entitled to this proof. Even if appellee did not know that it was a runaway horse, yet, if in fact it was of a vicious disposition and accustomed to run away, it might be that the jury, that fact being shown, would conclude that the cause of the runaway was not appellant's automobile. The jury might have concluded that the runaway was caused by the vicious disposition of the horse, even if they believed that appellant's machine was between Ninth and Tenth streets as testified to by appellee.

As to the cause of the runaway, appellee is not corroborated. It is true that John Hemmingson, an uncle of appellee, testified to certain conversations had with

W. E. Clark subsequent to the accident, but we see nothing in these conversations which corroborates appellee's evidence as to the cause of the runaway.

The instruction which appellant requested, calling for the jury to compare the manner in which appellant managed his automobile with the way other people managed their automobiles, was properly refused. It is not the law that if appellant managed his automobile as carefully as the other men managed their automobiles, that he is free from liability. It may be that other men manage their automobiles carelessly and negligently. The true test must be whether appellant managed his automobile with such care and caution as a reasonably prudent person would under like circumstances, and if not, whether his failure to use such care and caution caused this horse to run away.

After the trial appellant discovered a witness who, it appears from an affidavit of appellant's attorney used in support of the motion for a new trial, will testify that at the time of the accident witness was employed at a barber shop situated at the corner of Eleventh street and Fourth avenue; that witness knew the relative positions of the horse and appellant's automobile at the time the horse passed Eleventh street; that immediately prior to the accident, he saw appellee driving the horse in question easterly on Fourth avenue at Tenth street, at which time the horse was running away; that the horse continued to run down Fourth avenue and beyond Eleventh street; that he watched the horse and wagon until the appellee was thrown out; that when the horse and wagon passed Eleventh street, W. E. Clark was, with his automobile, east of Twelfth street; that long before appellee and appellant passed the horse was running beyond control of appellee; and that witness saw an automobile following close on the running horse until said automobile reached Eleventh street, when it disappeared, going south. The affidavit showed the departure of the witness from the state, and a search for

Clark v. Hemmingson.

him, and an excuse for failing to produce the affidavit of the witness. Appellant also filed an affidavit in support of his motion for a new trial, setting out alleged improper remarks of counsel for appellee at the trial, and asked for a new trial upon that ground. The affidavit was stricken from the files, and properly. Remarks of that kind can only be reviewed and presented to this court by a bill of exceptions showing a ruling of the trial judge to the remarks at the time they were made. The bill of exceptions in this case contains no such remarks, therefore they cannot be considered by the court. "Such matters cannot be shown in that way, but can only be made a part of the record by a proper recital in the bill of exceptions. What is done by the judge or what occurs in his presence is within his knowledge and must be recited over his certificate, and cannot be made a part of the record by *ex parte* affidavits. Mayes v. People, 106 Ill. 302; Scott v. People, 141 Ill. 195. It would be just as proper to show the rulings and holdings of the court in the course of a trial, and what instructions were given or refused, by affidavit, as to show in that way what was attempted here." Peyton v. Village of Morgan Park, 172 Ill. 102. But if the remarks were as stated in the affidavit, and had been properly preserved, we should regard them as reversible error.

There is an apparent preponderance of the evidence in favor of appellant. The evidence tends strongly to show that the horse was not frightened by the machine of appellant, and that said machine was not near the place where the horse started to run. It is apparent that if appellant's machine was near Twelfth street at the time of the accident, appellant could not have been responsible for the horse running away. If this record satisfied us that justice had been done, we might not be inclined to send the case back to the trial court on account of the rejection of evidence above mentioned or the newly discovered evidence; but when all the evidence, and the rejection of the evidence and the affidavit

of newly discovered evidence are considered, we think that a new trial should be granted in furtherance of justice.

For the reasons stated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*