(121 N. W. 618.)

---

William C. Leistikow v. Frank C. Zuelsdorf.

Opinion filed June 29, 1909.

### Sales — Evidence — Question for Jury.

1. Evidence examined, and *held* that the issue whether defendant became primarily liable to plaintiff for the payment of certain merchandise by reason of his having purchased the same from plaintiff, or whether such sale was made to one R., and the payment of the purchase price merely guaranteed by defendant, was properly submitted to the jury.

### Witness — Cross Examination — Pleadings as Evidence.

2. The original complaint, which was verified by plaintiff's attorney, contained allegations inconsistent with the amended complaint upon which the case was tried, and also inconsistent with plaintiff's version of the transaction as testified to by him. Upon cross-examination of plaintiff, defendant's counsel offered in evidence such original complaint as a part of such cross-examination, which offer was objected to, and the objection sustained. *Held,* not error, as the offered proof, if admissible, was not proper cross-examination, but was a part of defendant's case, and its reception at such time was discretionary with the trial court.

### Appeal and Error —. Evidence.

3. Certain other assignments, based upon rulings in the admission and rejection of testimony, examined, and such rulings *held* not prejudicial to appellant.

· Appeal from District Court, Walsh county; A. G. BURR, Special Judge.

Action by William C. Leistikow against Frank C. Zuelsdorf.

Judgment for plaintiff and defendant appeals.

Affirmed.

*Skulason* and *Burtness,* for appellant.

If the whole credit is not given to the one who comes in to answer for another, his undertaking is collateral and must be in writing. Swift v. Pierce, 13 Allen, 136; Cahill v. Bigelow, 18 Pick. 369; Larson v. Wyman, 14 Wend. 246; Hardman v. Bradley, 85 Ill. 162; Reitzloff v. Glover, 64 N. W. 298; Williams v. Auten, 87 N. W. 1061; Butters Salt & Lumber Co. v. Vogel, 89 N. W. 560; Studley et al., v Barth, 19 N. W. 568.

*Myers & Myers* and *E. R. Sinkler,* for respondent.

Entry of charges to a person may be explained. Harris et al. v. Frank, 22 Pac. 856; Walker v. Richards, 41 N. H. 388; Lumber Co., v. Cong. Church, 59 Atl., 180.

FISK, J. Action to recover a balance of $930.47 and interest, claimed to be due plaintiff from defendant, on account of flour, feed and other mill stuffs sold and delivered to defendant at his special instance and request. The amended complaint upon which the action was tried alleges that such merchandise was, at defendant's special request, delivered to one Rolcyzinski, and charged to the latter upon plaintiff's books, but that the same was thus sold and delivered upon defendant's sole credit. The defense, briefly stated, is that such goods were sold to Rolcyzinski, and not to defendant, and that defendant never agreed to become primarily liable for the payment of the purchase price; that any promise on defendant's part to pay for the same was merely collateral and conditional; that it constituted merely an oral guaranty for the payment of Rolcyzinski's indebtedness, without consideration, and hence is void under the statute of frauds. The issues thus framed were submitted to a jury, and a verdict returned in plaintiff's favor, pursuant to which a judgment was duly rendered, from which the appeal is prosecuted.

The first two assignments of error are predicated upon the rulings of the trial court in denying appellant's motions for a peremptory instruction, made at the close of plaintiff's case, and also at the close of the entire testimony. These are the only assignments argued at any length by appellant's counsel. It is of course obvious that the correctness of such rulings depends wholly upon the state of the proof. If there was any evidence reasonably tending to support plaintiff's version of the transaction, then the rulings complained of were eminently proper. A careful examination of the record serves to convince us that the state of the proof was such as to necessitate a submission of the case to the jury. We are not concerned with the weight of the testimony, nor the credibility of the witnesses. These were questions for the jury. Without attempting a review of the testimony at length, we will briefly refer to it in support of our conclusion that a substantial conflict exists, and that there is sufficient testimony, if worthy of credence, to justify the verdict rendered.

Plaintiff's cause of action is based upon sales alleged to have been made to defendant between January 6, and March 20, 1905. It is uncontradicted that for some time prior thereto defendant had furnished to Rolcyzinski similar merchandise for sale on commission, that until about September, 1904, defendant was engaged himself in the milling business at Minto, and that after such date and up to January 6th thereafter he continued to supply Rolcyzinski with mill products for sale on commission, purchasing the same from plaintiff. It is plaintiff's contention, and such contention finds support in his testimony, that he continued to sell such mill stuffs to defendant under the identical arrangement and understanding theretofore existing, except that at defendant's request, and for certain reasons stated by defendant, such merchandise was charged on plaintiff's books to Rolcyzinski. Plaintiff is corroborated by the witnesses Dunn, who was formerly manager of plaintiff's mill, and Rolcyzinski. Among other things, plaintiff testified: "Mr. Zuelsdorf said, 'I will buy the flour and pay you for it, and let Mr. Rolcyzinski handle it.' He wanted him to continue in the flour business. * * * We delivered no flour to Rolcyzinski. We had nothing to do with him. * * * Zuelsdorf bought carload after carload that fall, and sent up payments until some time in January. He called me up by phone one evening, and he said Rolcyzinski would rather know what the flour cost, and on account of him having

the handling he would like to have me send the bills direct to Rolcyzinski, and open up an account with him, but he said, 'I will keep ordering the flour and I will pay for it,' and it was so done from that time on. I delivered no flour to Rolcyzinski until this arrangement was off. About the 1st of May Zuelsdorf called me up one evening by phone, and said that he had trouble with Rolcyzinski, and he says, 'I will buy no more flour for him, and whatever I have got for him now, that settles it. I will settle for that.' * * * He came up some little time after that. He came to the mill, and we figured up, and he says, 'Now, you can charge that to my account, and I will pay for it' * * * Zuelsdorf requested us to charge his personal account with it and credit Rolcyzinski. We did so at his request. * * * Zuelsdorf subsequently paid something on his account."

The witness Dunn, among other things, testified that he was present, and overheard the conversation between plaintiff and defendant referred to by the plaintiff in his testimony, and fully corroborates plaintiff's testimony. Among other things he testified: "It is pretty hard to remember the exact day back at that time. The only way I have of fixing it is the fact of the charge to the other man at Zuelsdorf's request. There is no question about that, and Mr. Zuelsdorf was to pay the account. The fact is more especially in my mind than dates. * * * I didn't understand Zuelsdorf to say that he wasn't going to handle any flour himself. He had been buying from Leistikow for some time, and there was to be some change. My understanding was that he wanted Leistikow to ship Rolcyzinski the flour instead of to him, so that he could keep a check of what this other man got in that way. We hadn't any dealings with Rolcyzinski at all. I didn't know him personally. I was not aware that he had been having business dealings with Zuelsdorf. It was no surprise to me when Zuelsdorf made this request. It was only a proper request to charge the flour to the other man, and Zuelsdorf would pay for it. There was nothing that I know of disclosed in that conversation giving any reason for this peculiar way of charging this flour to the stranger. As I understood it, Mr. Leistikow wouldn't charge this other man with flour. I didn't understand that. Zuelsdorf's first proposition was that he wouldn't buy any more flour himself, but that Leistikow might charge flour to Rolyczinski. It was something like this: Leistikow said he wouldn't charge flour to Rolcyzinski because he didn't know him."

Rolyczinski testified, in effect, that from 1900 until March, 1905, he was engaged in handling flour and feed for the defendant upon an agreed commission per sack, and that during this time there never was but the one arrangement between them. Under such arrangement he would turn over any money he collected on sales to Zuelsdorf. He never made any arrangement with Leistikow to handle his flour until some time in March, 1905. It is nowhere contended that Rolcyzinski, prior to March, 1905, ever had any direct dealings with the plaintiff, and he testified that Zuelsdorf never at any time was authorizied to make any arrangement with Leistikow by which flour was to be charged to him. This testimony, if true, completely refutes defendant's version of the transaction, and overcomes the somewhat strong presumption in defendant's favor arising from the fact that plaintiff charged such merchandise to Rolcyzinski's account. There is other evidence, both direct and circumstantial, tending to corroborate plaintiff's testimony, but the foregoing suffices to demonstrate that the court did not err in refusing to hold, as a matter of law, that no recovery could be had.

This brings us to a consideration of the appellant's assignments based upon alleged erroneous rulings in the admission and rejection of testimony. As a part of the cross-examination of plaintiff appellant's counsel offered in evidence the original complaint, the allegations of which are inconsistent with plaintiff's testimony; the same having evidently been drawn on the theory that the facts were as contended for by defendant. The same was objected to, and the objection sustained, upon the ground, among others, that it was not proper cross-examination. In this we think there was no error. The same was not, strictly speaking, proper cross-examination. It should have been offered as a part of defendant's case. Its introduction at that time was within the discretion of the trial court. Romertze v. Bank, 49 N. Y. 577; Gemmill v. State, 16 Ind. App, 154, 43 N. E. 909; 2 Wigmore on Ev. section 1261, and cases cited: Peyton v. Morgan Park, 172 Ill. 102, 49 N. E. 1003; Hennessy v. Insurance Co., 74 Conn. 699, 52 Atl. 490; Haines v. Fire Insur. Co., 52 N. H. 467. The original complaint ceased to be a pleading in the cause when the amended complaint was interposed. Hence any admissions contained therein are not conclusive against the plaintiff, and the allegations in such original complaint can be treated as admissions only by the introduction of such pleading in evidence. 1 Enc. of Ev. 437, and cases cited. It seems to be the

prevailing rule that such former pleading is competent evidence by way of admission when properly introduced in evidence, but it is competent, not as a pleading, but as any other written instrument containing an admission against interest, if the same is signed or acquiesced in by the party, or signed and filed by an attorney having authority to bind him by statements so made. Some courts have held such pleading not competent evidence as an admission, but the great weight of authority is to the contrary. See 1 Ency. of Evidence, 437-440, inclusive, and cases cited. For a valuable discussion of the question as to the admissibility of such original complaint, see the able opinion of Mitchell, J., in Vogel v. Osborne & Co., 32 Minn. 167, 20 N. W. 129, wherein the Minnesota court reached the conclusion that, where there is nothing to show that the admission in the original pleading was made with the knowledge or by the direction of the party, such original pleading was inadmissible in evidence. We shall assume, without deciding, that the original complaint was admissible, but we hold it not an abuse of discretion to refuse to receive the same as a part of the cross-examination of the plaintiff. Defendant did not offer the same as a part of his case. This he should have done. The order of proof is always largely within the discretion of the trial court.

Errors are assigned upon the rulings sustaining plaintiff's objections to certain questions put to plaintiff on cross-examination as to whether he informed his counsel, at the time he employed them, of certain facts thereto testified to by him. We think such rulings were correct as the questions called for the disclosure of confidential and privileged communications between attorney and client, and his privilege was properly claimed by the objections. See 10 Enc. of Ev. 205, 212, 328.

The next assignment challenges the ruling of the court below in sustaining plaintiff's objection to the following question, asked the witness Dunn on cross-examination: "Now did Mr. Leistikow pay Zuelsdorf anything for assuming the $1,143.16 on the Rolyczinski account?" The ground of the objection was that the question called for a conclusion of the witness, and also assumed facts not in evidence. We fail to discover any prejudicial error in such ruling. There was nothing in the prior testimony to justify the assumption that Zuelsdorf, at the time the account was transferred from Rolcyinski to his account, assumed any new liability. Plaintiff introduced the testimony of such transfer of account merely as evidence

tending to corroborate his version of the transaction, to the effect that Zuelsdorf purchased such merchandise on his own account, and was primarily liable for its payment at all times. Neither in the complaint, nor in plaintiff's proof, was any contention made that defendant assumed any new liability by the transfer of such account.

Immediately after the last-mentioned ruling defendant's counsel moved to strike paragraph 4 from the amended complaint a being redundant and irrelevant matter and a pleading of evidentiary facts. This motion was denied, but we fail to perceive how such ruling could have been prejudicial to defendant. If such motion had been made in time, it occurs to us that it should have been granted, as the facts pleaded were merely evidentiary in character. A complete answer, however, to such assignment is the fact that defendant preseived no exception to the ruling, and hence the same is not before us for review.

We deem it unnecessary to notice in detail the few remaining assignments, all of which relate to rulings as to the admission and exclusion of testimony. We have carefully examined the same, and find no prejudicial error in the rulings complained of.

The judgment appealed from is accordingly affirmed.

MORGAN, C. J., not participating.