Fourth District—October, 1917.        549

Stewart v. Chicago & Alton R. Co. et al., 207 Ill. App. 549.

Mary Stewart, Administratrix of the Estate of Clem McDamon, Deceased, Appellant, v. Chicago & Alton Railroad Company and Illinois Southern Railway Company, Appellees.

1. APPEAL AND ERROR, § 812*—*what must appear in bill of exceptions.* Litigants cannot by *ex parte* affidavits incorporate into the record matters transpiring in the presence of the court during the trial of a cause, but such matters can only be shown by bill of exceptions signed by the trial judge.

2. TRIAL, § 31*—*when advancement of trial of case out of order set for hearing is no excuse for failure to be ready for trial.* Where cases are allotted for trial on a certain day, it is the duty of the parties to be ready for trial on that date, and the mere fact that the case preceding theirs may, for reasons appearing sufficient to the trial court, be allotted for a subsequent day, whereby their case comes on for hearing earlier than expected, but not earlier than its allotment, is not sufficient upon which to base error.

3. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 38*—*when dismissal of case for want of prosecution is proper.* The dismissal of a case for want of prosecution, on motion of the defendant, when regularly called for trial with the plaintiff in court, either in person or by counsel, and the defendant ready for trial, is not error when plaintiff fails to proceed with the trial.

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 24, 1917.

R. F. TUNNELL, JR., for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, POPE & DRIEMEYER and KRAMER, KRAMER & CAMPBELL, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court. This appeal is prosecuted to reverse a judgment of the Circuit Court of Madison county, dismissing, for want of prosecution with costs, an action on the case brought by appellant against appellees.

The record discloses that this cause was at issue

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and was set for trial for November 24, 1916, being on Friday. The only case allotted ahead of this one on the trial calendar was a case against the City of Alton. The latter case, being one of considerable importance, by agreement of the parties, was reallotted for trial for the following Monday. The record further discloses that after said suit against the City of Alton had been set over, the case here involved came on regularly for trial and was called by the court. Thereupon counsel for appellant stated to the court, "that he was not ready for trial; that other cases had been set for trial in this court that he had expected would not be disposed of at this time and therefore he was not ready to proceed with the trial." The court stated to counsel: "That this was not a sufficient excuse for not proceeding with the trial and that the court desired that the trial be proceeded with; that at said time the only case on the calendar ahead of this case was the so-called Bowman case against the City of Alton, which had by agreement of the parties been reset for the following Monday by the court on account of it being a long case and the court found that it was not expedient to call it for trial when reached on its original setting."

The record further recites that the plaintiff in the above-entitled cause failing to proceed with the trial, the defendants in said cause moved the court to dismiss said cause for want of prosecution, which motion was sustained by the court and said cause was so dismissed.

The record further discloses that thereafter at the same term appellant entered a motion to set aside said order of dismissal, and in support thereof filed the affidavit of R. F. Tunnell, Jr., her attorney, which affidavit purported to set forth certain matters in connection with the proceedings had in court which are not disclosed by the bill of exceptions, among which matters the affidavit recites that a motion for a continuance was made by appellant at the time said cause was called for trial. The trial court, evidently acting

on its own recollection of the matter, denied the motion to set aside the judgment and this action of the court is assigned as error.

No principle is better established in this State than the one requiring that matters transpiring in the presence of the court during the trial of a cause must be disclosed by the bill of exceptions and by that alone. Litigants cannot by *ex parte* affidavits incorporate such matters into the record. They must be shown by the bill of exceptions signed by the trial judge and by that alone. *Yott v. Yott,* 257 Ill. 419; *Peyton v. Village of Morgan Park,* 172 Ill. 102; *People v. Strauch,* 247 Ill. 220.

In *Peyton v. Village of Morgan Park, supra,* the court at page 107 says: "What is done by the judge or what occurs in his presence is within his knowledge and must be recited over his certificate, and cannot be made a part of the record by *ex parte* affidavits." Citing, *Mayes v. People,* 106 Ill. 306; *Scott v. People,* 141 Ill. 195. It would be just as proper to show by affidavit the rulings and holdings of the court in the course of a trial, and what instructions were given or refused, as to show in that way what is attempted here. It is held in *Mayes v. People, supra,* that such an affidavit cannot be made to override the recitals of the bill of exceptions, and that a judge may disregard it because he knows it to be false.

Counsel for appellant further contends that without reference to the matters set forth in the affidavit the record discloses that the court erred in calling the case in question out of its order. The record discloses that this case was set for trial on November 24th, and was regularly called for trial on that day. The record also discloses that the court, in view of the length of time it would take to try the case against the City of Alton, determined that it should be set over to the following week. This was not an abuse of the discretion vested

in the trial court with reference to the allotment of cases for hearing, and was not error.

Counsel for appellant cites the case of *Spitzer v. Schlatt*, 249 Ill. 416, as a case supporting his contention. An examination of the opinion in that case discloses that it does not support the contention of appellant. Quoting from the opinion the court on page 419 says: "The statute provides that 'all causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct.' " (Chapter 110, sec. 21, Hurd's Rev. St., J. & A. ¶ 8558.) "What is 'good and sufficient cause' is not defined by the statute and must therefore be determined by the trial court, in the first instance, in the exercise of a sound legal discretion." Citing *Morrison v. Hedenberg,* 138 Ill. 22; *Staunton Coal Co. v. Menk,* 197 Ill. 369; *O. S. Richardson Fueling Co. v. Seymour,* 235 Ill. 319.

In *Staunton Coal Co. v. Menk,* 197 Ill. 369, the court at page 373 says: "The statute does not determine what shall constitute sufficient cause for trying a case out of its order on the docket, but that is a matter to be determined by the court in the exercise of a sound legal discretion. When the court so exercises its discretion in the matter, its action will not be interfered with by a reviewing court, unless there has been a clear abuse of its discretion."

We therefore hold that the trial court did not abuse its discretion in reallotting the case of *Bowman v. City of Alton* to be tried the week following the day on which it was originally allotted. When cases are allotted for trial on a certain day, it is the duty of the parties to be ready for trial on that date, and the mere fact that a case preceding theirs may, for reasons appearing sufficient to the trial court, be allotted for a subsequent day, whereby their case comes on for hearing earlier than expected, but not earlier than its allotment, is not sufficient ground to base error on.

Lastly, it is insisted by appellant that the court erred in dismissing her suit for want of prosecution, her contention being that a jury should have been called and a trial should have been had. There are cases holding that where the plaintiff is in court, either in person or by counsel, when a case is regularly called for trial, if the defendant insists on having a trial of the case the case should be tried, unless the plaintiff takes a voluntary nonsuit. The record here, however, discloses that while appellees were present and ready for trial and were insisting on the same, upon the failure of appellant to proceed with the trial a motion was made by appellees to dismiss the suit for want of prosecution, and this was done. We think, therefore, so far as the record discloses, no error was committed.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Judgment affirmed.*