Victor Sarro, Plaintiff-Appellee, v. Illinois Mutual Fire Insurance Company, a Corporation, Defendant-Appellant.

### Gen. No. 11,546.

Second District, First Division.

March 13, 1962.

Rehearing denied April 3, 1962.

Leonard J. Braver and Goldstein & Goldstein, of Chicago, for appellant.

Carbary & Carbary, of Elgin, for appellee.

SMITH, J.

On January 6, 1961 the City Court of Elgin entered the following: "Now on this day the above entitled cause of action having come on for hearing of proofs, and the Court having heard proof and being fully ad-

vised, ORDERS hearing continued for draft order."
A "Judgment Order" was filed a week later on January 13, and the concluding paragraph reads:

> "It is, therefore, ordered and adjudged, that judgment be and the same is hereby entered in favor of plaintiff . . . and against defendant . . . in the sum of $14,946 and costs of suit in the sum of $25.30, totalling $14,971.30. Dated at Elgin, Illinois, this 13th day of January, 1961."

Barely in time, as we shall see, on February 14, defendant filed a motion to vacate the judgment, and upon its denial this appeal followed.

 Motions to vacate must be filed within thirty days after the entry of the judgment under attack. Ill Rev Stats 1959, Chap 77, Sec 83, and Chap 110, Sec 50(6). If January 6 was the day of judgment, the motion came too late, at least under these sections. On the other hand, February 14 was the very last day for filing, if the judgment was entered on January 13, although it would appear at first glance that even that date was beyond the thirty-day pale, because January has thirty-one days, and we compute time by excluding the first day and including the last, which would bring us only to February 12—two days shy. But February 12 is a holiday, and in 1961 it fell on Sunday, so we can exclude both Sunday and Monday in our computations, and bring February 14 (Tuesday) within the statutory period of grace. Ill Rev Stats 1959, Chap 98, Sec 20(a), and Chap 131, Sec 1.11.

██ To sustain the judgment plaintiff argues that we should compute time from January 6. But the very language of the order—"[H]earing continued for draft order"—negates any serious consideration of this point. The "Judgment Order" which we assume is the "draft order" referred to in the entry on January 6, is in the present tense, and the concluding

272

part, just quoted, is what grammarians call a declarative sentence. The present tense may at times include the future but certainly not the past. Since the judgment *is* dated January 13 we can only conclude that that is the day of its pronouncement. The motion was timely filed.

■ ■ Even so, motions to vacate must contain more than a mere request, though the temper of our times bodes well for their allowance. Busser v. Noble, 8 Ill App2d 268, 131 NE2d 637. Widucus v. Southwestern Electric Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799; Mason v. McNamara, 57 Ill 274. In Moline v. Chicago, B. & Q. R. Co., 262 Ill 52, 65, 104 NE 204, 209, it is stated: "Where it appears by the affidavit filed in support of the motion that the party has a defense to the merits, either to a whole or a material part of the cause of action, it has been usual to set aside the default if a reasonable excuse is shown for not having made the defense." A motion to set aside a judgment is addressed to the sound legal discretion of the court, the invocation of which must be preceded by an adequate showing, so far as the past is concerned, that there is a reasonabe excuse for the delay, and, so far as the future, that a meritorious defense can be made. We review, of course, the exercise of that discretion, but in so doing, we cannot supplant it with our own. Our choice, had we been sitting on the motion, is beside the point. We will not interfere as we said in Busser "unless there has been a palpable abuse of such discretion."

■ Has a reasonable excuse here been shown? Defendant says that it had no knowledge of the action because the person served was not its agent, at least for purposes of service. The affidavit by defendant's president states that the servee represented it "in a limited capacity, being authorized only to solicit business and collect premiums . . . ." But a

273

person who can "solicit business and collect premiums" for his principal is, in our view, an agent with an *unlimited* capacity for purposes of service and clearly within the thrust of Section 13.3 of the Civil Practice Act (Ill Rev Stats 1959, c 110, § 13.3): "A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of said corporation found anywhere in the State; . . . ." The excuse shown here is not a reasonable one, or to put it another way, so reasonable that the trial court should have allowed the motion, and in refusing to do so abused its discretion.

■ Defendant's showing in support of the requirement of having a meritorious defense is limited to the assertion that it ". . . has a valid and meritorious defense . . . in that the amount of the damages claimed by said plaintiff are excessive, and that the defendant has other valid defenses to plaintiff's suit which will be raised in defendant's answer should leave to plead be allowed."

The point apropos of damages is well taken. The damage figure is admittedly excessive. It includes $2,500 for attorney's fees premised on vexatious delay as permitted by the Insurance Code. Ill Rev Stats 1959, Chap 73, Sec 767. However, the allowable ceiling is $500. Plaintiff acknowledges this and if the judgment is to stand we will reduce it by $2,000.

The remainder of the showing—that defendant has "other valid defenses"—is not very illuminating, to say the least. Simply saying so doesn't make it so, and the question we have to decide is whether lip service alone will satisfy this very specific and long-standing requirement. Our answer must be that it does not. Assurances of "valid defenses" to come are not enough. How can discretion be called into play by conclusions alone, unsupported by facts in even a summary form? Can it be that a characterization of a defense as "val-

id" is enough to call forth a genuine determination that it *is* valid? These questions, we believe, answer themselves.

Plaintiff says that his building has been destroyed by fire and that he has a policy of fire insurance with defendant which covers the loss. Is the policy void or otherwise unenforcible? Perhaps plaintiff was *not* the insured? Or, did the building not burn! We are in the dark as was the court that heard the motion. Having nothing before it on which to make a determination as to whether the "defenses" possessed merit, except defendant's characterization, there can be no abuse of discretion in the denial of the motion. Most apt, though it concerns a motion under Sec 72 CPA, is the following from Lamoreaux v. Havranek, 25 Ill App2d 51, 165 NE2d 547:

> "The petition also alleges that defendant's liability is questionable and that the defendant has a meritorious defense to plaintiff's claim. These statements are mere conclusions and are not well pleaded facts, and so do not stand as admitted for the purpose of this motion. 'The mere statement that a defendant has a meritorious defense is not sufficient. The grounds and facts upon which the merits of the defense arise must be stated so that the court will be enabled to judge the merits of such defense.' Whalen v. Twin City Barge & Gravel Co., 280 Ill App 596."

A court should not undo a matter simply to redo it at a later date unless there is a reasonable expectancy that it might do it differently. Such is the philosophy behind this requirement. If that expectancy is absent, then it were just as well to let the matter lie undisturbed. We believe that such is so in this case and that the trial court properly exercised its discretion in denying the motion. Accordingly, the judgment of

the City Court of Elgin is reversed, and judgment will be entered here in favor of plaintiff and against defendant for $12,971.30. Costs in this court to be taxed against defendant.

Judgment of the trial court reversed and judgment here in favor of plaintiff-appellee, and against defendant-appellant in the sum of $12,971.30 plus costs.

DOVE, P. J. and McNEAL, J., concur.