Bronius Jancauskas, Plaintiff-Appellant, v. Tow Motor Corporation and Container Corporation of America, Defendants-Appellees.

Gen. No. 53,524.

First District.

June 12, 1970.

█ 

Marvin I. Schneider, of Chicago (Neal Mermall and Barry Weiss, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Dennis J. Horan, of counsel), for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

This appeal is by plaintiff from an order dismissing this cause for failure of plaintiff to be personally present at a pretrial conference and denying plaintiff's motion to reinstate the cause, and from an order denying plaintiff's motion for a continuance of the pretrial conference.

On September 6, 1966, plaintiff filed this action for personal injuries allegedly caused by negligence of the defendants on March 1, 1965, when a lift truck operated by an employee struck plaintiff, causing fracture of all toes of his right foot, resulting in amputation of the great toe and hospital confinement on three separate occasions, and rendering him unable to work for in excess of six months.

The cause was assigned to Judge David Canel for pretrial conference. On June 20, 1968, the court entered an order setting pretrial conference for July 30, 1968. The order required plaintiff to be personally present and further provided that if plaintiff were not present the case would be dismissed.

On July 25, 1968, plaintiff's attorney wrote plaintiff notifying him of the pretrial conference and of the necessity of his presence. On the afternoon of July 30, plaintiff's attorney, Marvin I. Schneider, was engaged in a trial in another division of the court. His associate, David E. Feldman, who was familiar with the case and who was scheduled to appear at the pretrial conference, was called

by his wife who was six months pregnant, and was told that she had become suddenly ill and required immediate assistance. Mr. Feldman requested Neal Mermall, an attorney who shared offices with Schneider, to attend the pretrial conference for him. Feldman failed to explain to Mermall that plaintiff was out of town and could not be present.

At 4:00 p. m. on the afternoon of July 30, Mermall appeared in Judge Canel's courtroom, where also present were attorneys representing one of the defendants. At approximately 4:45 p. m. Judge Canel came into the courtroom and stated that he was behind schedule and that it would be some time before he could reach this cause. The judge was then advised of the circumstances leading to Mermall's presence and of his lack of knowledge as to plaintiff's absence. Both attorneys then requested a continuance of the pretrial conference. The court denied the motion and entered an order dismissing the cause. Thereafter, the court denied a motion by plaintiff to vacate the order of dismissal and reinstate the cause. It appears that plaintiff was absent because he had taken a prescheduled vacation to go to Ohio on July 26 to make preparations for his daughter's wedding, and that the letter notifying him of the pretrial conference did not reach him prior to his leaving.

The proceeding before the trial court was a pretrial conference, the principal purposes of which were to simplify the issues, seek stipulations and admissions as to facts or exhibits, and inquire into possible settlement. No trial was then imminent. No witnesses, court reporters or jurors were present. The trial judge was running behind schedule and informed those present that it would be some time before the matter could be heard. At this point the judge was advised that the attorney handling the matter, who could explain plaintiff's absence, was attending to emergency medical needs of his wife. It was in this standing of the case that attorneys

present for both plaintiff and defendant moved for a continuance of the pretrial conference.

The trial judge has broad discretion in allowing or denying a motion for continuance under the Civil Practice Act (Ill Rev Stats 1967, c 110, § 59), but it is discretion which must be exercised judiciously, and not arbitrarily. In Booth v. Sutton, 100 Ill App2d 410, 241 NE2d 488 (1st Dist 1968), in reversal of the same pretrial judge for dismissal of the defendant's counterclaim and denial of a motion to vacate and set aside the dismissal order, where the defendant's attorney moved to excuse personal appearance of the defendant at a pretrial conference, the court acknowledged the wide discretion of a judge in compelling compliance with pretrial procedures, but also stated (at 415–416 (241 NE2d at 491)): " 'The dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority.' Allegro v. Afton Village Corp., 9 NJ 156, 87 A2d 430 (1952)."

The pretrial conference is a technique to promote the disposition of litigation by cooperation and agreement. The purpose of the sanctions of Supreme Court Rule 219(c) (Ill Rev Stats 1967, c 110A, § 219(c)) is to coerce this cooperation rather than to dispose of litigation as a form of punishment. The record in the instant case fails to show any act on the part of plaintiff to warrant so drastic a punishment.

Under the facts here present, we are of the opinion that the trial court abused its discretion in refusing to grant a continuance and in dismissing the cause.

Reversed and remanded with directions to reinstate the cause for further proceedings.

SMITH and TRAPP, JJ., concur.