EDWIN D. DIENTHAL, Plaintiff-Appellant, *v.* EUGENE BRANOVACKI, Defendant-Appellee.

(No. 59913;

First District (4th Division)—October 9, 1974.

Gordon, Brustin & Schaefer, Ltd. and Brown, Rosenthal, Wilson, Carnow and Mulack, both of Chicago (Robert E. Gordon, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Howard T. Brinton and James P. Dorr, of counsel), for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County. Plaintiff's cause of action against the defendant was dismissed by the court for want of prosecution due to plaintiff's failure to attend a pretrial conference. A subsequent motion by plaintiff to vacate the dismissal order was denied.

The issues presented on appeal are: (1) whether the trial court abused its discretion in dismissing plaintiff's cause of action for want of prosecution; and (2) whether the court abused its discretion in denying plaintiff's motion to vacate the dismissal order.

The plaintiff, Edwin Dienthal, brought an action to recover damages against the defendant, Dr. Eugene Branovacki. By order of the trial court, a pretrial conference was scheduled for August 9, 1973. On that date the conference was continued until the following day. Prior to the pretrial conferences scheduled for August 9 and 10, counsel for plaintiff conscientiously and diligently made numerous attempts to contact the plaintiff, both by telephone and in writing, and inform him his attendance was required at the pretrial conference. On the date of the scheduled pretrial conference, counsel informed the trial judge that, despite his numerous attempts, he had been unable to contact the plaintiff and thereby procure his attendance at the conference. It was obvious plaintiff was out of town and could not be reached. The trial court dismissed plaintiff's cause of action for want of prosecution due to the failure of the plaintiff to be present at the pretrial conference.

On September 7, 1973, within 30 days after plaintiff's cause of action had been dismissed, the plaintiff filed a motion to vacate the dismissal order and reinstate the cause. The motion was continued until October 15, 1973, without any written order of court. The plaintiff was in attendance on that date and a conference was held. The trial judge attempted to settle the case between the plaintiff and defendant and recommended

to the plaintiff to accept a $2,500 settlement offer made by the defendant. The plaintiff rejected the offer, and the trial judge denied plaintiff's motion to vacate the dismissal order.

■■■ The plaintiff first contends the trial court abused its discretion in dismissing plaintiff's cause of action for want of prosecution. The authority for the imposition of sanctions for refusing to comply with rules or orders relating to pretrial conferences is embodied in Supreme Court Rule 219(c) (Ill. Rev. Stat. 1973, ch. 110A, § 219(c)), which provides, in pertinent part:

> "(c) Failure to Comply with Order or Rules. If a party, or any person at the instance of or in collusion with a party, *unreasonably refuses* to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter * * * such orders as are just, including, among others, the following:
>
> * * *
>
> (iii) that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue." (Emphasis supplied.)

It is a fundamental principle of law that judgments by default are not encouraged and should be employed only as a last resort. (*Gillespie v. Norfolk & Western Railway Co.* (1968), 103 Ill.App.2d 449.) In *Booth v. Sutton* (1968), 100 Ill.App.2d 410, the trial judge dismissed the defendant's countercomplaint because of defendant's failure to appear at a pretrial conference and denied defendant's petition to vacate the dismissal order. The appellate court reversed the decision, holding:

> "'The dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority.'" (100 Ill.App.2d at 415-416.)

Counsel for plaintiff in the instant case made numerous attempts to contact the plaintiff prior to the pretrial conference. Despite his efforts, counsel was unable to notify the plaintiff, and as a result plaintiff did not appear at the conference. Plaintiff's failure to attend the conference was not deliberate and was not in defiance of the court's authority, and his attorney was present every time. In light of such circumstances we believe the trial court abused its discretion in dismissing the plaintiff's cause of action.

The plaintiff next contends the trial court abused its discretion in denying plaintiff's motion to vacate the dismissal order. Plaintiff filed his motion pursuant to section 50(5) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 50(5)), which provides:

"(5) The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

Plaintiff's motion was filed within 30 days after the court dismissed his cause of action for want of prosecution, and set forth the extenuating circumstances for the plaintiff's failure to attend the pretrial conference. The motion further stated that plaintiff had a valid cause of action and could now personally attend any subsequently scheduled conference. It is well established that a default judgment should be set aside when it will not cause a hardship upon the parties to go to trial on the merits. (*Lynch v. Illinois Hospital Services, Inc.* (1963), 38 Ill.App.2d 470.) Both parties in the present case were ready and prepared for trial on October 15, the date of the scheduled hearing on the motion. In *Bishop v. Canal-Randolph Corp.* (1973), 10 Ill.App 3d 997, a case closely related to the case at bar, the appellate court held the trial judge's dismissal of plaintiff's personal injury action and refusal to vacate the dismissal order because of plaintiff's failure to attend the pretrial conference, constituted an abuse of the court's discretion.

■■ We believe the trial court in the instant case likewise abused its discretion in denying plaintiff's motion to vacate the dismissal order. The conduct of the trial judge in "recommending" to the plaintiff that he accept the defendant's settlement offer or be denied a trial, and then denying plaintiff's motion to vacate the order of dismissal when plaintiff rejected the offer, cannot and will not be condoned by this court. A party to a lawsuit is entitled to his day in court. Pretrial procedures exist to expedite the orderly disposition of cases and to promote justice. Justice is not served when a trial judge forces a party to a lawsuit to either accept the court's settlement proposals or be denied the opportunity to proceed on the merits of the case. When the court in the case at bar was informed by plaintiff's counsel that plaintiff had finally been reached and notified and was prepared to attend any subsequent pretrial conference and did attend the next conference, justice demanded the dismissal order be vacated and plaintiff's cause of action reinstated. The failure of the trial court to do so constituted abuse of its discretion.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed and the cause remanded with directions to vacate the dismissal order and reinstate the cause. Under the circumstances, it is further ordered that the cause be returned to the assignment judge for re-assignment.

Reversed and remanded with directions.

ADESKO, P. J., and BURMAN, J., concur.