CARMEN DURAN, Adm'r of the Estate of Jerome P. Ruvalcaba, Deceased, Plaintiff-Appellant, *v.* CHICAGO & NORTH WESTERN RAILWAY COMPANY *et al.*, Defendants-Appellees.

(No. 60144; )

First District (4th Division)—February 13, 1975.

John C. Ambrose and Philip J. Schmidt, both of Chicago, for appellant.

James P. Daley and Ronald J. Cuchna, both of Chicago, for appellee Chicago & North Western Railway Company.

Richard F. Koproske and Glen H. Carrier, both of Chicago, for appellee The Belt Railway Company.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Carmen Duran, administratrix of the estate of Jerome P. Ruvalcaba, brought this action for wrongful death in the Circuit Court of Cook County against the Chicago & North Western Railway Company and The Belt Railway Company of Chicago.

The issues for review are whether the trial court abused its discretion

in dismissing the cause of action for want of prosecution and in refusing to vacate the order of dismissal.

The complaint was filed on January 27, 1970, and both defendants filed their appearances and answers through their respective counsel. A pretrial conference was held on January 11, 1973, and then the case was returned to the trial call. Interrogatories were served upon the plaintiff on January 19, 1973, and the answers were filed on February 28, 1973. On May 14, 1973, Judge Butler ordered the first of four continuances, the last of which continued the case until October 23, 1973.

When the case appeared on the law division jury trial call for that date, there were approximately 125 cases ahead of it. Judge Butler was on vacation, and Judge Horan heard the call on that morning. The case was called late that morning, and Judge Horan refused the oral request for a continuance, requested because of the absence of the plaintiff and a material witness, and assigned the case to Judge Crowley, who dismissed the case for want of prosecution when the attorney stated he was not ready to proceed and explained the reasons.

On November 26, 1973, the plaintiff's attorney filed a timely motion to vacate the dismissal with an attached affidavit. The motion stated that the reason a continuance had been requested on October 23, 1973, was in order that Mrs. Ruvalcaba, the mother of the deceased, be brought from her residence in Mexico along with Carmen Duran, the plaintiff, who lived in Laredo, Texas. Mrs. Ruvalcaba had been ill for over 6 months, and Carmen Duran had been assisting and caring for her during that period of time. Judge Butler had been aware of her condition and had continued the cause on at least two prior occasions because of her condition. The motion stated that the plaintiff and Mrs. Ruvalcaba were ready to appear and were prepared to make the trip from Mexico but requested that the trial be set for a date certain in order to avoid the delay and expense of an uncertain trial date occasioned by the large number of cases ahead of it on the trial call. After a hearing on December 12, 1973, Judge Crowley denied the motion.

The plaintiff now appeals from both the order of October 23, 1973, dismissing the cause of action, and from the order of December 12, 1973, which denied the motion to vacate the order of dismissal.

■■ The plaintiff contends the court abused its discretion because there was no showing of a deliberate and contumacious disregard of the court's authority. (*Booth v. Sutton* (1968), 100 Ill.App.2d 410.) Under the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 59), the trial judge has broad discretion in allowing or denying a motion for a continuance, but such discretion must be exercised judiciously and not arbitrarily. (*Jancauskas*

*v. Tow Motor Corp.* (1970), 126 Ill.App.2d 289.) A decisive consideration in evaluating the exercise of discretion is whether the party applying for a continuance has shown a lack of due diligence in proceeding with the cause. (*Krupinski v. Dension* (1956), 9 Ill.App.2d 155.) In this case the plaintiff opened an estate for the cause of action, filed the wrongful death action and jury demand, answered interrogatories, completed the witness' deposition, and took part in a pretrial conference. All of these actions suggest a strong interest in pursuing the case on its merits.

The defendants contend that the court did not abuse its discretion because the plaintiff had a duty to be ready for trial when the case was called, regardless of whether it was called earlier than expected. *Stewart v. Chicago & Alton R.R. Co.* (1917), 207 Ill.App. 549.

Secondly, the defendants contend that the plaintiff is not entitled to a reversal because she did not file a written motion requesting a continuance before Judge Crowley supported by an affidavit stating the medical condition of the witness and stating the testimony which the witness would give, as required by Supreme Court Rule 231 (a) and (b). They also rely on Rule 6.1 of the Rules of the Circuit Court of Cook County, which specifically provides that a motion for a continuance which is denied by a central assignment judge shall not be renewed before the trial judge.

While we do not condone the failure to adhere to the rules of the court, we believe that under the circumstances the request for a continuance was a reasonable one and would not prejudice the defendants. The record discloses the plaintiff has been diligent in prosecuting her case, and under the pattern of continuances established by Judge Butler, the plaintiff was justified in believing she would be granted a final continuance for the purpose of bringing a witness in delicate health from outside the country.

If there had been doubts in the mind of the court about the propriety of granting the continuance on October 23, 1973, they should have been erased upon a consideration of the uncontradicted motion to vacate the dismissal which alleged the exercise of diligence and the existence of a meritorious cause of action. As stated in *Jancauskas v. Tow Motor Corp.* (1970), 126 Ill.App.2d 289, 292:

> " ' "The dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority." * * *' "

■■ We hold the failure of the plaintiff to strictly adhere to the rules of procedure does not amount to such a disregard for the authority of

the court to warrant a dismissal of the cause of action. Fairness requires a person have his day in court. We think the denial of a continuance was an abuse of discretion.

For these reasons the judgment of the Circuit Court of Cook County is reversed, and the cause is remanded for trial.

Reversed and remanded for trial.

BURMAN and JOHNSON, JJ., concur.