HAKKI S. TAMIMIE, Plaintiff-Appellant, *v.* THE CITY OF GALESBURG *et al.,* Defendants-Appellees.

Third District   No. 76-487

Opinion filed July 21, 1977.

BARRY, J., specially concurring in part and dissenting in part.

Mark A. Rose, of Hatcher, Stafford, Rose & Lally, of Peoria, for appellant.

Califf, Harper, Fox & Dailey, of Moline, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Knox County which denied a motion of the plaintiff, Hakki S. Tamimie, to vacate an

order dismissing his cause of action against the defendant city and police officers.

The action underlying this appeal was a tort action for false arrest and imprisonment brought against the defendant police officers Perez and Goedke and their employer, the City of Galesburg. The plaintiff's initial complaint was filed on September 20, 1974, but was dismissed upon motion filed by the defendants as was an amended complaint. A second amended complaint was filed to which the defendants filed an answer on June 16, 1975.

Discovery depositions were taken by the parties and a pretrial conference was held on April 1, 1976. During this conference the case was set for trial in June 1976; however, pursuant to a stipulation entered into by all parties the trial date was continued to July 5, 1976. Upon discovering that this latter date was a legal holiday the trial of the case was reset for July 6, 1976.

On June 1, 1976, counsel for the defendants contacted plaintiff's attorney by letter in which he called attention to the specific setting of the trial date and further requested that they discuss various pretrial matters. No response was received by counsel for the defendants in regard to this communication. On July 2, 1976, counsel for the plaintiff during a telephone conversation with the judge of the trial court acknowledged notice of the trial date but indicated to the court that he did not believe that the plaintiff would be available for trial on July 6, 1976. During this conversation counsel for the plaintiff made an oral request for a continuance. This request was denied.

The case was called for trial on July 6, 1976, at which time prospective jurors were present, the defendants were present and witnesses had been subpoenaed. Neither the plaintiff nor his counsel were present on said date, however, at approximately 9:30 a.m. the trial judge received a telephone call from counsel for plaintiff, who informed the court that neither he nor his client would be present. The trial court then dismissed the case with prejudice.

On July 22, 1976, the plaintiff filed a verified motion to vacate the dismissal order. As grounds for relief the motion alleged that the plaintiff was a dual citizen of Iraq and the United States, that he had gone to Iraq because of the hospitalization of his mother, that while there he was attending to certain matters of business and was having some difficulty in obtaining permission to return to the United States. After hearing arguments on the motion to vacate the order of dismissal the trial court denied the same and this appeal ensued.

■■ The plaintiff raises two issues in this appeal. The first is whether it was an abuse of discretion by the trial court to deny the plaintiff's motion for a continuance. A trial court possesses broad discretion in allowing or

denying a motion for continuance. (See Ill. Rev. Stat. 1975, ch. 110, par. 59.) Such discretion, however, must be exercised judiciously and not arbitrarily. (*Jancauskas v. Tow Motor Corp.* (1970), 126 Ill. App. 2d 289, 261 N.E.2d 753.) In the instant case we do not deem the trial court's denial of the motion for a continuance to be an abuse of discretion. The trial date was stipulated to by the parties. Counsel for the defendants corresponded with counsel for the plaintiff regarding the trial date but such correspondence went unanswered. The motion for continuance was orally made during a telephone conversation and the record fails to set forth any grounds for the same except the equivocal statement that the plaintiff might not be available.

The second and what we consider to be the paramount issue raised in this appeal is whether the trial court abused its discretion in denying plaintiff's motion to vacate the court's order dismissing the cause with prejudice.

We are cognizant of the fact that courts of review generally tend to favor the disposition of disputes on their merits; however, to unwaveringly follow this trend would strip the trial courts of their power to regulate and dispose of pending litigation which is ever increasing in our State and in some instances clogging the trial court docket. In the instant case as we read the record it supports a finding that counsel for the plaintiff on July 2, 1976, knew that his client was in the country of Iraq and would not be present for trial on July 6, 1976, yet he made the equivocal statement that he did not believe that his client would be present for trial. As a result of this equivocation the trial judge, the defendants, their counsel, witnesses and prospective jurors were present in the courtroom on July 6, 1976, ready to proceed to trial. Neither the plaintiff nor his counsel was present on said date, however, at 9:30 a.m. the trial judge received a call from counsel for the plaintiff which informed the court that they would not be present. The trial court dismissed the case and on July 27, 1976, denied a motion to vacate the dismissal order.

It is apparent that the plaintiff was in Iraq and could not be present on the scheduled trial date and this information was known to plaintiff's counsel well in advance of such date. The extraordinary circumstance of the plaintiff being in a foreign nation arose in ample time for counsel to unequivocally state to the court that his client could not be present. Counsel for plaintiff chose not to so advise the court and consequently the court, the defendants, counsel for the defendants, witnesses and prospective jurors were not only discommoded but the county of Knox was subjected to unnecessary expense and a disruption of the process of orderly disposition of pending litigation.

■■ An appellate court is empowered to review the exercise of discretion of the trial court in granting or denying motion to set aside a

judgment, but such court cannot supplant the exercise of such discretion with its own and will not interfere unless there has been a palpable abuse of such discretion. See *Sarro v. Illinois Mutual Fire Insurance Co.* (1962), 34 Ill. App. 2d 270, 181 N.E.2d 187.

■■ We fail to find a palpable abuse of discretion on the part of the trial court in the instant case and therefore believe that the judgment of the trial court should be affirmed.

Affirmed.

STOUDER, P. J., concurs.

Mr. JUSTICE BARRY, specially concurring in part and dissenting in part:

The majority opinion, I believe is correct in deciding that the denial of the plaintiff's motion for a continuance was not an abuse of discretion. Unquestionably, a telephone call on the morning of trial, after the prospective jurors have been assembled, is not the appropriate time or manner for requesting a continuance.

However, I firmly believe that it was an abuse of discretion for the trial court to deny the motion to vacate. There is no doubt the trial court has the discretion to set aside any final order or judgment if so requested by a motion filed within 30 days after the entry thereof. (Ill. Rev. Stat. 1975, ch. 110, par. 50(5).) Moreover, in the absence of an abuse of discretion, a reviewing court will not interfere with the decision of the trial court. (*Sarro v. Illinois Mutual Fire Insurance Co.* (2d Dist. 1962), 34 Ill. App. 2d 270, 181 N.E.2d 187. See also *Dienthal v. Branovacki* (1st Dist. 1974), 23 Ill. App. 3d 726, 320 N.E.2d 177.) But this does not mean that the appellate court is to give blanket approval to any and every such decision by the trial court.

Recently, this court decided *Ingersoll Aluminum Products Co. v. Busse* (3d Dist. 1977), 49 Ill. App. 3d 1015, 364 N.E.2d 1001. In that case, we found no abuse of discretion in vacating a default judgment even though the delaying tactics employed by the defendant in that case, and which resulted in the default, were a much more blatant disregard for the rules of the court than occurred in this case. Nevertheless, I specially concurred in *Ingersoll* because "the expenditure of court costs and attorney's fees is not sufficient hardship to warrant denying the defendant-garnishee its day in court." I believe that principal should be applied in this case to give the plaintiff his day in court. By comparing *Ingersoll* and the majority opinion in this case, it appears that this court would make the trial court's decisions, in effect, unappealable by reason of an automatic affirmance.

In this case, if the plaintiff is to be believed, and the defendants have

not contradicted his story, the delay was caused by powers beyond the control of the plaintiff. In spite of the plaintiff's attorney's uncontradicted explanation in the verified motion to vacate, the majority makes an assumption which is not supported by the record. The majority indicates that, when discussing the situation with the trial judge on July 2, 1976, the plaintiff's counsel "knew that his client was in the country of Iraq and would not be present for trial on July 6, 1976, yet he made the equivocal statement that he did not believe that his client would be present at trial." There is no evidence that the plaintiff's attorney knew his client could not return from Iraq on time and the plaintiff's verified motion to vacate states that the plaintiff, prior to his return on July 9, 1976, made several attempts to return to the United States, but was unable to obtain permission from the government of Iraq to return to the United States until July 8, 1976. The exact contents of the telephone conversations between the plaintiff's attorney and the trial court was not disclosed by the record. Nevertheless, it appears the plaintiff was trying to return from Iraq, and a more valid inference from the conduct of the plaintiff's attorney is that he was hopeful of the plaintiff returning in time for trial but could not be positive. This inference is supported by the fact that the record does not disclose any other continuance being requested by any of the parties, nor any delaying tactics being utilized. Furthermore, the plaintiff proceeded to take discovery depositions, submitted to being deposed by the defendants and participated in the pretrial conference. Not only do these actions suggest a strong interest in pursuing the case, but are inconsistent with the contrary inference. As a result, I believe that the plaintiff was trying to return from Iraq, that his attorney was unable to predict whether he would be able to leave Iraq on time, and that, contrary to fallacious assumption of the majority, the plaintiff's attorney did not "know" on July 2, 1976, that his client would not be present in the courtroom on the trial date. The majority appears to be justifying the denial of the motion to vacate by stating that the denial of the motion for a continuance was not an abuse of discretion, even though the tests for the determination of whether an abuse of discretion occurred in each instance is different.

In addition, the defendants mistakenly argue that a dismissal order is presumptively valid and that the plaintiff has the burden of showing grounds for relief. Therefore, the argument continues, the denial of the motion to vacate was proper in this case because the plaintiff failed to produce any evidence. However, the cases cited by the defendants involve motions to vacate under section 72 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), not section 50(5). Section 72 allows for a party to open a final judgment upon the recitation of and proof of the existence of certain traditional grounds for allowing such relief, whereas section 50(5) applies to judgments which are not final and

does not require the allegation of any particular circumstances or grounds for relief. The joint committee comments to section 50(5) indicate that even the requirement of showing due cause by affidavit has been eliminated. (Ill. Ann. Stat., ch. 110, par. 50, Joint Committee Comments, at 402 (Smith-Hurd 1968).) Furthermore, even where a motion to vacate is presented under section 72, facts properly alleged in a petition for reinstatement of a cause of action must be taken as true in the absence of a contest by the defendant. (*Windmon v. Banks* (1st Dist. 1975), 31 Ill. App. 3d 870, 335 N.E.2d 116.) All that is required is that the trial court consider whether or not substantial justice is being done between the litigants and whether a hardship to the party in whose favor judgment was rendered will result from compelling a trial on the merits. *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841.

The record discloses that the plaintiff had been diligent in prosecuting his case until the date of trial. The circumstances which necessitated the motion for a continuance were clearly beyond the control of the plaintiff. Given these uncontroverted facts, the trial court should have vacated the dismissal, and I believe, its failure to do so was an abuse of discretion. Accordingly, it is my opinion, that the order of the Circuit Court of Knox County dismissing this cause with prejudice should be vacated and the cause remanded.