BARRIE SINGER, a/k/a Barrie Arden, Petitioner-Appellant, *v.* LLOYD RICHARD SINGER, Respondent-Appellee.

First District (5th Division)   No. 78-889

Opinion filed April 6, 1979.

Dennis A. Berkson, of Chicago, for appellant.

Stephen L. Baum, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the denial of a petition requesting that respondent be ordered to pay the college educational expenses of two of the parties' children and to reimburse petitioner for college expenses previously paid by her. The sole issue presented is whether the denial of the petition was an abuse of discretion.

In a judgment for divorce between the parties entered in October 1966, respondent was ordered to pay $85 from a then weekly income of $145 (net after Federal income taxes) to petitioner for the support of their five minor children, who then ranged in age from two to eight years. This figure

was to be increased by 50% of the net amount of any increase in petitioner's income, but the total weekly payments were not to exceed $150 and the amount of support was to be reduced proportionally as the children reached majority.

In March 1977, petitioner filed this petition to require respondent (1) to contribute to the college educational expenses of their two oldest children, Valerie and Victoria, both of whom were over 18 years of age; and (2) to reimburse her for amounts she had previously expended over and above her share of the college expenses of the two girls. A hearing was held and, in petitioner's behalf, Valerie testified that she is a full-time student at the University of Oregon; that she would be graduated in June of 1978; that her expenses per term are $246.50 for tuition, $50 for books, $150 for clothing, $20 for transportation, and $25 for fees; that she is enrolled for three terms per year; that she is obligated to pay $175 per month in rent in order to live in a sorority house; that she is employed at the university genetics lab and has earned $1,600 in that position; that for the first three years of college she lived at home and that her mother paid for her clothing and food; and that respondent had contributed nothing to her college educational expenses as of the date of the hearing. On cross-examination, she testified that petitioner still pays for her clothing and gives her $20 per month; that she held a scholarship in previous years but is no longer qualified for such assistance because respondent's income is too high; that her job at the lab pays $3 per hour and that she works 15 to 20 hours per week; and that she has approximately $100 in a savings account and $100 in a checking account. Victoria testified that she is also a full-time student at the University of Oregon but lives at home; that she receives a merit-based scholarship which covers her full tuition; that her expenses are $705 per term, with three terms in the school year; and that her expenses would increase because she planned to live in a dormitory in January of 1978. On cross-examination, she testified that her stepfather gives her $20 per month.

Respondent, called under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60), testified that he is presently married and employed at Argonne National Laboratory; that his net take-home pay is $1,127 per month after Federal and State income taxes, social security, medical insurance, and pension withholdings; that he has no other income; and that he has $600 in a joint savings account with his present wife, who is also employed. Petitioner did not testify.

In the presentation of his case, respondent called Victoria as a section 60 witness, and she testified that she would be graduated in June of 1979 and that she intended to secure some type of employment when she moves into the dormitory on campus. Respondent then testified that his total expenditures, including his child-support payments of $365 per month, his rent and his utility bills, exceeded his own take-home pay.

After considering the testimony, the trial court denied the petition on December 20, 1977, and in its order found that respondent did not have sufficient income to contribute to Valerie's and Victoria's college expenses. Petitioner's motion for rehearing was also denied, and this appeal followed.

OPINION

Petitioner's sole contention is that the trial court's finding of a lack of sufficient income on the part of respondent to contribute to the educational expenses in question was against the manifest weight of the evidence and thus that the denial of her petition was an abuse of discretion.

The Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) (the Act) is applicable, as the order appealed from was entered after the effective date of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 801 (b)). In pertinent part, section 513 thereof provides:

> "Support for non-minor children and educational expenses. * * *
> The Court also may make such provision for the education and maintenance of the child or children, whether of minor or majority age, out of the property of either or both of its parents as equity may require, whether application is made therefor before or after such child has, or children have, attained majority age. In making such awards, the court shall consider all relevant factors which shall appear reasonable and necessary, including:
>
> (a) The financial resources of both parents.
>
> (b) The standard of living the child would have enjoyed had the marriage not been dissolved.
>
> (c) The financial resources of the child." Ill. Rev. Stat. 1977, ch. 40, par. 513.

In reviewing these factors as applied to the testimony in the instant case, we do not believe that the denial of the petition was an abuse of discretion. With respect to the first factor—the financial resources of the parents—we initially note that the record shows that petitioner has resources available to make some contribution. Her petition asserts that she had paid a portion of the college expenses of the children, and her attorney stated during the hearing that "whatever the court would order Mr. Singer to pay, Mrs. Arden, the former Mrs. Singer, would pay equal amount." She did not testify, however, and there is no evidence concerning the extent of her resources or her ability to contribute; whereas, respondent testified that the total of his personal expenses and the amount he is presently paying in child support is in excess of his take-home pay.

In asserting an ability on the part of respondent to pay, petitioner points out that at the time of the divorce decree he was paying $365 in

monthly child-support payments out of his monthly salary of $623.50 (net after Federal income taxes) and that presently he is paying the same amount of child support from a monthly income of $1,127 (net not only after Federal income taxes but also of deductions for insurance, pension, and social security). She argues that based on this greater income, the court should have required a contribution to the college expenses of the two girls. We see little merit in this argument however, because respondent's testimony that his expenses were in excess of his take-home pay was unrebutted and there is no contention that the deductions used in arriving at his net income or the amounts claimed as living expenses were improperly considered. While petitioner's analysis of respondent's income indicates he had an increased ability to pay, in the absence of any evidence as to the extent of petitioner's ability to do so, we find no support for petitioner's position from a consideration of the financial resources of the parties.

Regarding the second factor mentioned in section 513 of the Act—the standard of living the children would have enjoyed had the marriage not been dissolved—we note that a substantial portion of respondent's income at present (net of his rent and utility bills) is now paid out in child support. There appears to be no surplus to which the girls would have had access had there had been no divorce. Neither has petitioner referred us to any other evidence indicating that further contributions on respondent's part were necessary in order to bring the girls into the same financial position with respect to their college educations as they would have enjoyed had their parents remained married. Accordingly, this factor does not strengthen petitioner's position.

We reach the same conclusion in our consideration of the third factor—the financial resources of the children. Valerie testified that she held a scholarship in the past and that although she would not be eligible for aid in the coming year, she was employed in the genetics lab and has earned $1,600 there. Victoria testified that she held a full scholarship and that she intended to secure employment to cover the costs of living in the dormitory. Neither of the girls testified that they would not be able to continue their educations if respondent were not ordered to pay the requested educational support. In sum, the testimony strongly indicates that the girls were very resourceful and able to secure a college education under their present financial circumstances.

■■ In the light of the above, we find no abuse of discretion in the denial of petitioner's request that respondent contribute to the college education expenses of the children. In fact, we believe and petitioner curiously admitted at oral arguments in this court, that it would have been an abuse of discretion had the court ordered respondent to make payments in the

absence of any evidence of her ability to pay. Moreover, we also note that Valerie has already been graduated from the University of Oregon, so that the question as to whether respondent should make a contribution for her expenses is now moot, and that Victoria will likewise soon be graduated. Thus, the principal claim of petitioner is for reimbursement of the amounts she has already expended.

■ In this regard, she asks that she be reimbursed for the amounts paid, which are over and above her share of the girls' college expenses. We note however, that she makes no demand for any specific amount and that the record is devoid of any evidence whatsoever either as to the amount of any previous payments by her or the monies she claims are "over and above her share" of those expenses. In view thereof and because there is no evidence as to her financial status, we conclude that the record does not support her request for reimbursement.

For the reasons stated, the order of the trial court denying the petition is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.