*In re* MARRIAGE OF BARBARA G. DONOVAN, Petitioner-Appellee, and DAVID JOHN DONOVAN, Respondent-Appellant.

Fourth District  No. 4—83—0315

Opinion filed March 27, 1984.

Carl O. Hoffee, of Barber, Hall, Segatto & Hoffee, of Springfield, for appellant.

Robert G. Heckenkamp, of Heckenkamp & Simhauser, P.C., of Springfield, for appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

David Donovan appeals from an order of the trial court awarding Barbara Donovan separate maintenance and child support.

We vacate—partially—and remand.

The facts are prolix and incorporated only insofar as needed to explain our holding. The fact of prime importance is that between the entry of the original decree of dissolution and the hearing which resulted in the orders David now protests, the marital home was foreclosed on and sold. The foreclosure was the result of David entering into mortgaged indebtedness during a period of separation from his wife.

David raises three issues for consideration by this court. First, whether the award of separate maintenance was improper—either because it was made in lieu of Barbara's one-half share in the marital home which was lost to foreclosure, or because the evidence revealed that her economic status, *vis-a-vis* his, was such that the award was an abuse of discretion. Second, whether the award of child support should be modified to terminate solely upon the children's attaining their majority rather than pending upon a combination of their age and educational circumstances. Third, whether the case should be remanded to allow the court to reconcile the written order entered in the case with the oral pronouncement it was to reflect.

Based on the following discussion, we vacate the order partially and remand for further proceedings consistent with this opinion. We now embark on a discussion of the above delineated issues in reverse cardinal order.

I

All parties to this appeal agree that the written order which was affirmed by the trial court on March 31, 1983, does not accurately reflect the oral pronouncement from the bench. The oral pronouncement specifically stated that the award of maintenance was to end upon Barbara reaching the age of 62. The written order leaves maintenance virtually open-ended, terminating only upon Barbara's remar-

riage or further order of the court. Under these circumstances, we were foreordained to send this case back for modification. However, our considered opinion is that simple modification is insufficient under the circumstances.

## II

The second issue raised by David is whether child support should be extended beyond the children's majority to aid them in their college education. The new Marriage and Dissolution of Marriage Act is geared towards the support of children of divorced parents. Awards of child support may be disturbed on appeal only if against the manifest weight of the evidence showing a clear abuse of discretion by the trial court. (*Faust v. Faust* (1981), 100 Ill. App. 3d 232, 426 N.E.2d 994.) David's position is that the amount of child support should be reduced based upon a substantial change of his circumstances in that he was unemployed at the time of the final hearing and had no financial resources from which to pay the amounts ordered. Substantial economic reverses resulting from changes in employment are proper circumstances to be considered in determining whether child support should be reduced. *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785.

■ However, the decision of a trial court may be disturbed only if clearly against the manifest weight of the evidence. The evidence at trial at the last hearing was that respondent had no expenses and no job but was clearly an employable person. He was middle-aged, in good health, and well known throughout the community as evidenced by his election to a public body. We are loathe to allow an individual to escape his responsibilities to the offspring of an ill-fated marriage. However, we feel that the uncontroverted evidence in this case was such that the child-support order should have been reduced or modified to reflect respondent's financial resources which may best be described as limited.

We note an apparent discrepancy in the decree involving property and child support in that in the findings portion of the decree there was no provision that the $140 a month ordered was to apply to children other than Rosemary Donovan, whereas the order following applies it to all the children upon either their emancipation, their graduation from college, their determination not to continue college education, or the attaining of the age of 23 years. We are confident that upon remand the order will be revised to accurately reflect the findings, and feel the trial court should hold further evidentiary hearings on this matter upon remand.

## III

Further hearings are also called for by David's initial prayer for relief. The trial court awarded Barbara separate maintenance in the amount of $150 per month. The award was a reversal of the trial court's original ruling that neither party was to be awarded maintenance. The only significant intervening factor was the foreclosure on the marital home which the trial court specifically found precluded Barbara from receiving the one-half share to which she was entitled. From this specific finding, David now asks us to infer that the award was made in lieu of property and as such was improper. Barbara responds that the award was proper since both parties agree that the marital property divided between the two parties was so minimal that neither could get by on it alone.

■ Barbara's argument, however, places the proverbial cart before the horse. Section 504 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 504) does provide that the *amount of maintenance* is to be determined upon consideration of numerous factors including the amount of marital property apportioned between the parties. However, this computation is to be made only *after* the propriety of the award is made in the first place. The statute provides that a combination of three criteria are to guide the court in its initial determination. The court is first to determine whether the party seeking maintenance lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs. This factor is then joined to two others through the use of the conjunction "and," the final two factors being joined by the disjunctive "or." The two disjunctively joined factors are an inability to provide support through suitable employment or a lack of sufficient income. Our opinion is that the statute read as a whole indicates the desire of the legislature that awards of maintenance be based solely upon the perceived need of the spouse and not in lieu of marital property.

■ In the case at hand, the evidence reveals that Barbara's income for the years 1980 through 1982 averaged approximately $23,700, a sum equal to that made by her husband during their years of marriage. She was living rent free in a home provided by her parents. She also had the wherewithal to establish and fund an individual retirement account. Under these circumstances, we find that it was an abuse of discretion to award her an additional $1,800 annually since she had demonstrated an ability to provide for herself and her children through suitable employment and no lack of sufficient income.

We turn now to the tincture in the iodine. The record reflects that the court, in arriving at the second order which included maintenance, noted that the marital home had been foreclosed on, thereby effectively forfeiting Barbara's one-half interest. As previously mentioned, David infers from this that the maintenance award was made in lieu of marital property. If this is the case, the award was error. However, the record is equivocal on this point and we believe that the error, if any, may be cured only by further evidentiary hearings.

■ To our way of thinking, the shenanigans engaged in by David smack clearly of dissipation of marital assets. If this is the case, the parties should litigate the matter fully. From the state of the record before us, the only evidence concerning the $90,000 was that no money was disbursed, the mortgages instead going to further secure existing debts. If the mortgage secured marital debts, Barbara should not be heard to complain that the foreclosure works some hardship on her. On the other hand, this business of a party to a divorce mortgaging marital property during the pendency of the proceedings is quite troubling and becoming a common complaint on appeal. However, the appropriate relief under such circumstances would seem to be a monetary judgment against the party executing the mortgage in an amount equal to one-half the amount of any overage generated when the mortgage value is compared to any marital debts it seeks to cover. Attempting to balance the equities by calling the award "maintenance" is improper.

In conclusion, we vacate the portions of the order awarding Barbara maintenance and child support and remand the cause for further proceedings consistent with this opinion.

Vacated and remanded with directions.

TRAPP and GREEN, JJ., concur.